IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MORGAN ADDISON,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:24-cv-03183-JRR |
| **UPS UNITED PARCEL SERVICE,** *et al.*, | |
| *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion for More Definite Statement. (ECF No. 7, the "Motion.")  No hearing is necessary.  Local Rule 105.6 (D. Md. 2025).

*Pro se* Plaintiff initiated the instant action on September 27, 2024, in the Circuit Court for Baltimore City (Case No. C-24-CV-24-002965).  (ECF No. 1-7.)  In Plaintiff's Complaint, she states that she is "filing a civil suit" against her former employer, United Parcel Service, and her supervisor, Jeff Dinger, for "unlawful termination, medical bills, mental health wages loss, damages, workers compensation, emotional distress due to the events that occurred on June 18th 2024."  (ECF No. 3.)  As far as the court can discern, Plaintiff alleges that on June 18, 2024, she was assaulted by an unknown individual at her workplace and, as a result of the assault, she was later criminally charged and terminated from her employment.  *Id*.

On November 1, 2024, Defendants removed the state court action to this court and, subsequently, filed the Motion.  (ECF Nos. 1, 7.)  In the Motion, Defendants submit that without clarity regarding the Plaintiff's intended causes of action, they are unable to respond to Plaintiff's claims.  (ECF No. 7-1.)  On November 10, Plaintiff filed a "Response to Motion" that sets forth further factual allegations regarding the alleged events of June 18, 2024, and subsequent criminal

proceeding and termination. In her Response, however, Plaintiff does not plead or set forth with clarity her intended causes of action aside from the generalized list quoted above. (ECF No. 10.)

Under Federal Rule of Civil Procedure 8(a), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Additionally, Rule 12(e) provides,

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

FED. R. CIV. P. 12(e). The court is mindful of Plaintiff's *pro se* status and, accordingly, construes Plaintiff's Complaint liberally "so as to do substantial justice." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

While Plaintiff's Complaint sets forth a list of things for which she seeks redress in connection with what she asserts are harms and losses she suffered as a result of the events on June

18, her Complaint fails to make plain what causes of action she seeks to pursue as against which Defendant or Defendants; the onus is not on Defendants to try to deduce what Plaintiff intends. Even construed liberally, in this manner, Plaintiff's Complaint is impermissibly vague and ambiguous, and leaves Defendants unable to fairly respond. Accordingly, it is this 7th day of July 2025,

    **ORDERED** that the Motion (ECF No. 7) shall be, and is hereby **GRANTED**; and further it is,

    **ORDERED** that within twenty-one (21) days of the date of this order, Plaintiff shall amend her Complaint and identify the legal cause(s) of action upon which her claims rest through the use of numbered paragraphs and identification of specific counts. Plaintiff shall abide the Federal Rules of Civil Procedure, including specifically Rules 8 and 10, which are generally available online through a simple internet search. Plaintiff is warned that failure to do so may result in dismissal of this action without prejudice without further notice.

/S/

_____
Julie R. Rubin
United States District Judge